UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIDNEY GRITZ
11616 Gilsan Street
Silver Spring, MD 20902

         Plaintiff,

    v.

THE DISTRICT OF COLUMBIA
c/o the Attorney General, D.C.
441 4th Street, N.W.
Washington, D.C. 20001

         Defendant.

No. 06-cv-_____

**VERIFIED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**
**(Religious Freedom Restoration Act)**

## Introduction

Ms. Cynthia Gritz, age 53, died yesterday in a hospice, of colon cancer that had metastasized to her liver. Her family is observantly Jewish, and traditional Jewish belief prohibits autopsies and requires very prompt burial.

Ordinarily the D.C. Medical Examiner would not seek to perform an autopsy on a person who died under circumstances such as this. However, Ms. Gritz was a "person[] with mental retardation . . . who receiv[d] services and support from the Mental Retardation and Developmental Disability Administration," and D.C. Mayor's Order 2004-76 requires the Medical Examiner to conduct an autopsy of the remains of any such person. Pursuant to a demand by the Medical Examiner's office, Ms. Gritz's body was transferred from a Jewish funeral home to the Medical Examiner's office yesterday afternoon or evening and awaits an autopsy.

The plaintiff in this lawsuit is Ms. Gritz's brother and guardian. He seeks a declaration that the autopsy required by Mayor's Order 2004-76 violates his rights under

the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*, and an injunction prohibiting the Medical Examiner from conducting an autopsy on Ms. Gritz's body and directing the Medical Examiner to return her remains to the plaintiff forthwith, for burial.

Emergency action is required because Mayor's Order 2004-76 requires the Medical Examiner to conduct the autopsy within 48 hours of receiving Ms. Gritz's remains, *i.e.,* by tomorrow.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). Plaintiffs bring this action under 42 U.S.C. § 1983 and also seek relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b).

### Parties

3. Plaintiff Sidney Gritz is an adult resident of Maryland and is the brother and guardian of Cynthia B. Gritz, deceased.

4. Defendant District of Columbia is a municipal corporation created by Congress pursuant to Article I, Section 8 of the Constitution of the United States.

### Facts

5. Cynthia B. Gritz had severe mental retardation, and was committed to the custody and care of the District of Columbia in or about 1960, when she was seven years old. She spent many years as a resident of Forest Haven, the now-closed District institution for developmentally disabled persons. In recent years, she has been a resident of private care facilities.

6. About two years ago Ms. Gritz was diagnosed with colon cancer. More recently her cancer metastasized to her liver. After a short hospitalization, she moved to a hospice, where she died on August 24, 2006. There is no doubt that the cause of her death was cancer, as her death certificate states. Ordinarily the D.C. Medical Examiner would not seek to perform an autopsy on a person who died under these circumstances.

7. Ms. Gritz and her family are Jewish. Her family adheres to traditional Jewish beliefs and practices regarding autopsies and burial, namely, that autopsies are prohibited and that burial must take place very promptly after death.

8. District of Columbia Mayor's Order 2004-76, 51 D.C. Register 5278 (May 13, 2004), requires the D.C. Medical Examiner to "conduct autopsies upon the human remains of persons with mental retardation and developmental disabilities who receive services and support from the Mental Retardation and Developmental Disability Administration." At the time of her death, Ms. Gritz was a person with mental retardation and developmental disabilities who received services and support from the D.C. Mental Retardation and Developmental Disability Administration.

9. Mayor's Order 2004-76 further requires that such autopsies be performed "within 48 hours of receipt of the remains or as soon thereafter as practicable." Pursuant to a demand by the Medical Examiner's office, Ms. Gritz's body was transferred from a Jewish funeral home to the Medical Examiner's office yesterday; the Medical Examiner will perform an autopsy on her remains unless enjoined.

10. Performing an autopsy on Ms. Gritz's body, or delaying her burial, will constitute a serious and irreparable violation of her family's, and plaintiff's, religious beliefs and practices. Plaintiff has no adequate remedy at law.

**Claim for Relief**

11. The performance of an autopsy on Ms. Gritz's remains, or the delay of her funeral, would substantially burden plaintiff's religious exercise.

12. Given the circumstances of Ms. Gritz's death, the performance of an autopsy on her remains, or the delay of her funeral, would not be the least restrictive means of furthering any compelling governmental interest.

13. Accordingly, the performance of an autopsy on Ms. Gritz's remains, or the delay of her funeral, would violate plaintiff's rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1.

WHEREFORE, plaintiff requests that this Court:

A. Enter judgment declaring that Mayor's Order 2004-76, insofar as it requires an autopsy of the remains of Ms. Cynthia Gritz, violates plaintiff's rights under the Religious Freedom Restoration Act, and is to that extent invalid and unenforceable;

B. Temporarily and permanently enjoin defendant District of Columbia from conducting an autopsy of the remains of Ms. Cynthia Gritz;

C. Order defendant District of Columbia to return the remains of Ms. Cynthia Gritz forthwith to the Hines-Rinaldi Funeral Home, 11800 New Hampshire Avenue, Silver Spring, Maryland;

D. Award to plaintiff his costs and reasonable attorney's fees in this action; and

E. Grant plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Arthur B. Spitzer*

Arthur B. Spitzer
   D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800

**VERIFICATION**

I declare under penalty of perjury that the factual allegations made in the foregoing Complaint are true and correct.

Executed this 25th day of August, 2006.

*/s/ Sidney Gritz*

Sidney Gritz

WHEREFORE, plaintiff requests that this Court:

A. Enter judgment declaring that Mayor's Order 2004-76, insofar as it requires an autopsy of the remains of Ms. Cynthia Gritz, violates plaintiff's rights under the Religious Freedom Restoration Act, and is to that extent invalid and unenforceable;

B. Temporarily and permanently enjoin defendant District of Columbia from conducting an autopsy of the remains of Ms. Cynthia Gritz;

C. Order defendant District of Columbia to return the remains of Ms. Cynthia Gritz forthwith to the Hines-Rinaldi Funeral Home, 11800 New Hampshire Avenue, Silver Spring, Maryland.

D. Award to plaintiff his costs and reasonable attorney's fees in this action; and

E. Grant plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Arthur B. Spitzer
  D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800

I declare under penalty of perjury that the factual allegations made in the foregoing Complaint are true and correct.

Executed on August 1st, 2006.

_____ (seal)
Sidney Gritz

- 4 -